No. 22-5761

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 19, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| DOCTOR EUNA MCGRUDER, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE & DAVIDSON COUNTY, TN, dba ) | |
| Metropolitan Nashville Public Schools, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: BATCHELDER, WHITE, and STRANCH, Circuit Judges.

Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") appeals an interlocutory order of the district court ordering it to reinstate Plaintiff Doctor Euna McGruder pending resolution of her action for discrimination and retaliation under Title VII. Metro and McGruder filed their principal briefs; Metro asserts in part that the doctrine of judicial estoppel should apply and preclude McGruder's recovery. Metro moves to dismiss McGruder's "cross-appeal" and strike her brief because she pleads her own claims for relief from the district court's order without having filed a cross-appeal. McGruder concedes she cannot bring a cross-appeal, moves for leave to file an amended or corrected brief, and tenders a corrected brief. McGruder separately moves to dismiss Metro's appeal and strike its brief as to the judicial-estoppel issue. Metro opposes dismissal, and McGruder replies.

Briefly, McGruder filed suit against Metro, alleging retaliation and racial discrimination under Title VII. The district court granted summary judgment to Metro on the discrimination claim, and a jury found in McGruder's favor on the retaliation claim. McGruder sought reinstatement to her prior position. The district court ordered Metro to reinstate McGruder, after which Metro appealed. Metro then moved the district court to revise its prior orders and dismiss the case with prejudice based on the doctrine of judicial estoppel. The district court denied the motion because Metro's appeal had divested it of jurisdiction but stayed execution of its reinstatement order pending appeal. Neither party appealed this order or moved the district court to certify it for immediate appeal.

On appeal, Metro challenges the reinstatement order and argues that McGruder should be judicially estopped from pursuing the lawsuit. In her "principal and response brief," McGruder asserts that we have jurisdiction over Metro's appeal and her "related cross-appeal." She counters Metro's arguments, asserts we lack jurisdiction to consider Metro's judicial-estoppel argument and, in her "cross-appeal," argues that the district court improperly stayed her reinstatement pending appeal.

An appellee who does not cross-appeal may not attack an order with the view of either enlarging her own rights or of lessening an appellant's rights. *Baatz v. Columbia Gas Transmission, LLC*, 929 F.3d 767, 774 (6th Cir. 2019). The appellee, however, may support affirming an order, even if her argument challenges the reasoning of the lower court or asserts that the district court overlooked or ignored a matter. *Id.* at 774-75. McGruder concedes that she did not file a cross-appeal and, thus, to the extent her brief cross-appeals the district court's stay of the reinstatement order, it should be stricken.

In her tendered brief, McGruder omits all references to a cross-appeal. She continues to argue, however, that the district court improperly stayed the reinstatement order based on the potential applicability of judicial estoppel. Neither party appealed this order, and it is beyond the

scope of Metro's appeal. Metro, however, did not respond to this brief. Thus, as a matter of judicial economy, we will order the tendered brief filed and defer determination to the merits panel whether it will consider McGruder's challenge to the stay of the reinstatement order.

McGruder's motion to dismiss hinges on whether the doctrine of judicial estoppel can be raised for the first time on appeal. Contrary to McGruder's position, the doctrine may be raised for the first time on appeal. *See Tangwall v. Looby*, 109 F. App'x 12, 13-14 (6th Cir. 2004) (per curiam); *DeMarco v. Ohio Decorative Prods., Inc.*, 19 F.3d 1432, 1994 WL 59009, at *8 & n.5 (6th Cir. 1994) (table); *see also Bethesda Lutheran Homes & Servs. Inc. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001). We may also raise the issue "*sua sponte* in especially egregious cases[s].'" *Beall v. United States*, 467 F.3d 864, 870 (5th Cir. 2006) (citation omitted); *see Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1168 n.5 (4th Cir. 1982). Moreover, at this juncture, the issue appears to deserve further consideration. *See, e.g.*, *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005). And, as McGruder recognizes, she is free to argue that Metro's failure to raise the issue previously should result in waiver. *See Altman v. Altman*, 653 F.2d 755, 758 (3d Cir. 1981).

Accordingly, Metro's motion to dismiss is **GRANTED**, McGruder's motion for leave to file an amended brief is **GRANTED IN PART** and the clerk is **DIRECTED** to file the tendered brief, and McGruder's motion to dismiss is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk